UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS JOSE RODRIGUEZ MENDOZA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | No.  1:26-cv-03785-DAD-CSK (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTION AS MOOT<br><br>(Doc. Nos. 1, 2) |

On May 18, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 2.)  On May 21, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.)  In addition, if respondent opposed the court ruling on the underlying petition based on the present briefing, respondent was directed to so indicate so and provide substantive reasons in support thereof in its opposition.  (*Id.*)

/////

1

On May 22, 2026, respondent filed an opposition to the motion for temporary restraining order. (Doc. No. 6.) In that opposition, respondent argue in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 3–5), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondent did not state any opposition to this court ruling on the underlying merits of the petition and, pursuant to the court's prior order (Doc. No. 5), the court will therefore now address the underlying merits of the petition.

In its opposition, respondent represents that petitioner has filed two previous petitions in the Southern District of Florida which were denied. (Doc. No. 6 at 2–3.) Respondent argues that these prior petitions render the instant petition successive and request that the court deny the petition on that basis. (*Id.*) Respondent has attached the orders entered in the U.S. District Court for the Southern District of Florida denying the prior habeas petitions to its opposition. (Doc. Nos. 6-2; 6-3.) The first order, entered in *Rodriguez v. Warden, Krome North Service Processing Center, et al.*, No. 26-cv-21140-CMA (S.D. Fla. Mar. 20, 2026), found that petitioner himself had conceded that he was properly subject to detention pursuant to 8 U.S.C. § 1225(b)(2), but encouraged petitioner to review prior orders issued by the assigned district judge which found that a similarly situated petitioner's detention was instead governed by 8 U.S.C. § 1226(a). (Doc. No. 6-2 at 5.) Petitioner thereafter filed a second habeas petition which was denied in a second order, entered in *Rodriguez v. Warden, Krome North Service Processing Center*, No. 1:26-cv-22548-WPD (S.D. Fla. May 4, 2026), by a different district judge on the basis that petitioner was properly subject to 8 U.S.C. § 1225(b)(2) as an "applicant for admission" despite his prior parole into the United States. (Doc. No. 6-3 at 3–4.) Respondent argues that petitioner's instant petition is thus barred by the abuse of the writ doctrine. (Doc. No. 6 at 3.)

The statutory bar against successive habeas petitions found in 28 U.S.C. § 2244(b) applies only to habeas petitions filed pursuant to 28 U.S.C. § 2254 and not habeas petitions filed pursuant to 28 U.S.C. § 2241. *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000). Nevertheless, the Ninth Circuit has recognized that the common law doctrine of abuse of the writ may serve as a bar to successive habeas petitions filed pursuant to § 2241. *Alaimalo v. United States*, 645 F.3d

2

1042, 1049 (9th Cir. 2011). "Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." *Id.*

Here, the first order issued in the Southern District of Florida appeared to invite a second petition from petitioner arguing that he is subject to 8 U.S.C. § 1226(a). (Doc. No. 6-2 at 5.) Accordingly, it would not be an abuse of the writ for petitioner to file a petition contending that he is properly subject to 8 U.S.C. § 1226(a) and is being unlawfully subjected to mandatory detention.[1] The second order found that petitioner had been paroled out of immigration detention through the humanitarian parole provision (8 U.S.C. § 1182(d)), that this parole had expired, and that petitioner was therefore properly treated as subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). (Doc. No. 6-3 at 2–3.) To reach this conclusion, the district court found that petitioner was an "applicant for admission" and therefore was also "seeking admission" in the meaning of 8 U.S.C. § 1225(b)(2)(A). (*Id.*) Five days after that order was signed, and two days after it was entered, the Eleventh Circuit rejected this reading of § 1225(b)(2)(A). *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, — F.4th —, 2026 WL 1243395, at *7 (rejecting the government's position that all persons who entered the United States unlawfully and are present are "applicants for admission" who are "seeking admission" as being contrary to the text of 8 U.S.C. § 1225 and the structure of the INA). The court therefore concludes that intervening controlling authority within the Eleventh Circuit renders reconsideration of the second order from the Southern District of Florida appropriate and accordingly that a fundamental

/////

/////

/////

---

[1] Petitioner again states in his petition that his detention is governed by 8 U.S.C. § 1225. (Doc. No. 1 at 7.) However, the court observes that petitioner is *pro se* and, in accordance with its duty to construe *pro se* filings liberally, *see United States v. Qazi*, 975 F.3d 989, 992–93 (9th Cir. 2020) (noting that general statements were sufficient to raise a legal issue), the court will construe petitioner's filing to challenge whether he is properly detained pursuant to § 1225.

miscarriage of justice would result from failing to entertain petitioner's claim.[2]  Petitioner's petition is therefore not barred as successive as to his claim that his detention violates the INA.[3]

Based upon a review of the briefing presently before it, the court finds the following facts. On October 4, 2023, petitioner entered the United States. (Doc. No. 6-1 at 3.)  He was paroled into the United States under the Venezuelan Parole Program pursuant to 8 U.S.C. § 1182. (*Id.*) Petitioner's parole was set to expire on October 2, 2025. (Doc. No. 1 at 5.)  On October 18, 2025, petitioner encountered immigration authorities and was re-detained by them. (*Id.*)

The question before the court is whether 8 U.S.C. § 1225(b)(2)(A) governs petitioner's release as respondent argues, or if 8 U.S.C. § 1226(a) governs. (Doc. No. 6 at 3–5.) Respondent's argument relies on the assertion that petitioner is an "applicant for admission" and therefore is subject to mandatory detention as someone "seeking admission," an argument which this court has rejected on many occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Moreover, the court notes that other district courts have found that, even where a petitioner was initially subject to detention pursuant to 8 U.S.C. § 1225, the decision to release a petitioner on humanitarian parole pursuant to 8 U.S.C. § 1182 shifts the applicable detention authority to 8 U.S.C. § 1226(a). *See Wang v. Lyons*, No. 25-cv-10794-WHO, 2026 WL 147703, at *5–6 (N.D. Cal. Jan. 20, 2026) (finding that the petitioner's presence in the United States on parole prevented them from being deemed to be "seeking admission" within the meaning of § 1225(b)(2) and accordingly § 1226(a) applied); *see*

---

[2]  Respondent does not argue that the "law of the case" doctrine bars petitioner's petition. Nevertheless, the court incorporates its prior reasoning set forth in in *Kachur v. Chestnut*, No. 1:26-cv-03362-DAD-JDP (HC), 2026 WL 1229009, at *2 (E.D. Cal. May 5, 2026), where the court concluded that the petitioner's second habeas petition was not barred by the "law of the case" doctrine where intervening controlling authority rendered reconsideration of the first order appropriate, and accordingly concludes that the "law of the case" doctrine does not bar petitioner's petition as successive.

[3]  The court does not decide whether petitioner's due process claim would be barred as successive on the grounds that the first order rejected his prior due process claim (Doc. No. 6-2 at 5–6). *See Calderon v. Noem*, No. 2:26-cv-00352-BAT, 2026 WL 507683, at *2 (W.D. Wash. Feb. 24, 2026) (finding that certain claims were barred as successive because the initially-assigned district judge had only invited petitioner to file another habeas petition as to his continued detention claim).

*also Daza v. Albarran*, No. 25-cv-10214-RFL, 2026 WL 81518, at *3 (N.D. Cal. Jan. 12, 2026) (finding first that the petitioner was no longer subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1) because the petitioner was no longer in expedited removal proceedings and then concluding that release on parole under § 1182 rendered § 1226(a) the applicable detention framework); *Capote v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03168-JLT-EPG, 2026 WL 1415306, at *1 (E.D. Cal. May 20, 2026) ("Courts nationwide, including this one, have rejected Respondents' new legal position and found the DHS policy [regarding § 1225(b)(2)(A)] unlawful."). Accordingly, the court finds that petitioner is not lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A) because he is not "seeking admission" as is required for the application of that statute.

Respondent fails to identify any other statutory framework which would justify the continued detention of petitioner, notably failing to argue that petitioner may be lawfully detained pursuant to 8 U.S.C. § 1226(a). Accordingly, the court incorporates its reasoning in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy is petitioner's immediate release from custody because respondent has failed to provide authority for petitioner's detention.

For the reasons above,

1.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

　　a.     Respondent is ORDERED to immediately release petitioner Elvis Jose Rodriguez, A-File No. 232-762-908, from respondent's custody on the conditions, if any, he was subject to prior to his detention on October 18, 2025;

　　b.     Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge,

/////

at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting his habeas petition on the merits;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **May 27, 2026**                    _____
                                             DALE A. DROZD
                                             UNITED STATES DISTRICT JUDGE